UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN E. HOGUE,<br><br>                    Plaintiff,<br><br>v.<br><br>CANYON COUNTY SHERIFF<br>KIERAN DONAHUE,[1]<br><br>                    Defendant. | Case No. 1:25-CV-00212-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

Plaintiff Brian E. Hogue, a prisoner in custody of the Idaho Department of Correction, has filed a civil rights Complaint, subject to review by the Court to determine whether it should be dismissed under 28 U.S.C. §§ 1915 or 1915A. Dkt. 2. The Complaint regards an alleged First Amendment access to reading materials claim arising from Plaintiff's incarceration at the Canyon County Jail. After Plaintiff filed his Complaint, he was transferred from the Canyon County Jail to an Idaho Department of Correction prison facility. As a result, he has withdrawn all claims except personal capacity claims against Canyon County Sheriff Kieran Donahue. Dkt. 4.

## REVIEW OF COMPLAINT

1. **Standard of Law for Review of Complaint**

The Court is required to review complaints filed by prisoners seeking relief against

---

[1] Case caption modified to reflect that only one defendant remains after voluntary dismissal of other defendants.

a governmental entity or officer, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any claim that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915(e)(2)(B), 1915A(b).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## 2. Discussion

Plaintiff alleges that Canyon County Sheriff Kieran Donahue has promulgated a jail policy prohibiting inmates from ordering non-religious books from outside vendors, while allowing inmates who practice religious beliefs to order religious books from outside vendors. Plaintiff asserts this practice violated his First Amendment and Fourteenth Amendment rights when he was housed at the Canyon County Jail.

Plaintiff will not be permitted to proceed on his Complaint for the following reasons, but he may file an amended complaint.

### A. *First Amendment Claim*

The context of an inmate's exercise of free speech determines how much protection

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

is afforded the speech. Incarceration is a relevant context. In *Turner v. Safley*, 482 U.S. 78 (1987), the United States Supreme Court examined the free speech issue in the context of prison officials prohibiting correspondence between inmates residing at different state institutions. The Court instructed the federal district courts to review four factors when a prison regulation or practice impinges on a First Amendment right of a prisoner: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) whether "there are alternative means of exercising the right that remain open to prison inmates"; (3) what "impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether "ready alternatives" at a "de minimis cost" exist, which "may be evidence that the regulation is not reasonable, but is an exaggerated response to prison concerns." *Id*. at 89-93 (internal quotation marks omitted).

When considering a prison rule or regulation under *Turner*, a court must review both (1) the facial validity of the regulation under the four *Turner* factors and (2) whether the regulation was unconstitutional as applied to the inmate by examining "whether applying the regulation to th[e] speech . . . was rationally related to the legitimate penological interest asserted by the prison." *Hargis v. Foster*, 312 F.3d 404, 410 (9th Cir. 2002).

Plaintiff asserts that his First Amendment freedom of speech right was violated because he was denied the opportunity to read, based on an incident in which he was not permitted to order secular books into the jail from an outside source. Presently, the jail asserts that its library system is as follows: "Books are no longer accepted by the jail. The

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

new tablet system has an extensive library of over 7,000 books that are available to inmates." *See* https://www.canyoncounty. id.gov/elected-officials/sheriff/detention-center/ (accessed 7/18/2025). It is unclear whether this system was in effect during Plaintiff's stay at the jail, whether it was free of charge, or whether a different free library from which to borrow books was in place.

A jail policy prohibiting the ordering in of non-secular books is subject to the *Turner v. Safley* test. *See Temple v. Oconee Cnty.*, No. CA 6:13-144-JFA-KFM, 2014 U.S. Dist. LEXIS 124756, 2014 WL 4417702, at *5 (D.s.c. Sept. 8, 2014), aff'd, 595 F. App'x 246 (4th Cir. 2015) (finding a rational connection between a restriction on reading materials and the legitimate governmental interest in institutional safety and security, and finding that facility provided an alternative means of exercising First Amendment right where the jail provided legal materials through an institutional law library); *McCormick v. Reinkey*, No. 1:21-CV-00454-DCN, 2022 U.S. Dist. LEXIS 82630, 2022 WL 1422925, at *4 (D. Idaho May 5, 2022) (holding that "[p]rohibiting books being sent directly to inmates, but instead requiring them to be sent to the jail library, is reasonably related to the legitimate— indeed, the compelling—interest in jail security and safety.") Plaintiff may file an amended complaint providing factual allegations that address these case holdings and the *Turner* factors, or he may voluntarily dismiss this claim.

### B. *Fourteenth Amendment Equal Protection Claim*

An equal protection claim may be established by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy*

*Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff asserts that his equal protection rights were violated when Defendant permitted inmates to order in religious books, but "non-religious" inmates could not order in secular books. This claim needs additional clarification. Plaintiff must be comparing apples to apples to state a viable equal protection claim. All religious inmates must be treated similarly. All inmates (whether or not they are religious) who desire to order in seculars books must be treated similarly (either all can order in books, or none can order in books).

For example, in a similar Pennsylvania jail case, the federal district court reasoned as follows:

> [Plaintiff] … and other non-religious inmates within the RHU at Beaver County Jail [assert they were] were subject to disparate treatment because they were not allowed access to non-religious texts and extra jail visits while religious inmates were allowed access to religious texts and jail visits from religious advisers. In this case, Plaintiff's allegations are not sufficient to state an equal protection violation because he has failed to allege facts which would support a finding of disparate treatment. Plaintiff has not shown that inmates who hold religious beliefs are treated differently than those who do not. Plaintiff acknowledges that, pursuant to jail policy, all inmates housed within the RHU are allowed to have a religious text of their choice and all inmates are allowed a visit from a religious adviser. No inmate housed within the RHU is allowed to possess non-religious texts. In other words, all RHU inmates are treated the same without regard to their religious beliefs. Because Plaintiff has failed to meet this threshold requirement to satisfy an equal protection violation, his claim must be dismissed. Furthermore, as it is clear that leave to amend with respect to this claim would be futile, dismissal should be with prejudice.

*Mathis v. Manza*, No. CIV.A. 11-450, 2012 WL 443755, at *4 (W.D. Pa. Jan. 18, 2012)

(footnoted omitted), *report and recommendation adopted*, No. CIV.A. 11-450, 2012 WL 442841 (W.D. Pa. Feb. 10, 2012), *aff'd sub nom. Mathis v. Monza*, 530 F. App'x 124 (3d Cir. 2013).

### 3. Instructions for Amendment

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original or previously-amended pleading, including all supplements. An amended complaint must state the "who, what, where, when, why, and how" of each claim, including: (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state or federal actor (such as state or federal employment) or a private entity/private individual acting under color of law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the Constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

### ORDER

**IT IS ORDERED** that Plaintiff may not proceed on his Complaint, but must file either an amended complaint, providing necessary factual information to state a claim as outlined above, or a notice of voluntary dismissal within **30 days** after entry of this Order. Failure to take action within this deadline will result in dismissal of the Complaint with

prejudice under Federal Rule of Civil Procedure 41(b).

DATED: September 17, 2025

David C. Nye
Chief U.S. District Court Judge